**Helen Patricia ROMPF, Appellant,**

v.

**John H. ROMPF, Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

J. Patrick Sullivan, Lexington, for appellant.

Wallace, Turner & Trigg, by Alvin B. Trigg and Joe Savage, Lexington, for appellee.

CULLEN, Commissioner.

The judgment in the action here on appeal granted John H. Rompf a divorce from Helen Patricia Rompf on the ground of cruel and inhuman treatment, but awarded Helen $34,393.14 in a lump sum plus allowance of $300 per month periodic alimony, the latter being subject to the further orders of the court. Helen has appealed, contending that the lump-sum and periodic awards both are inadequate. John has cross-appealed, maintaining that it was error to allow periodic alimony in addition to the lump-sum award.

The marriage lasted 30 years, during which five children were born and raised. At the time of the divorce all of the children had reached maturity except John, age 16, but two of the older children were in college and were being supported by their

father. It appears reasonably certain that the father also will support John through college, although the divorce judgment requires only that maintenance payments (of $175 per month) for John continue until he reaches age 18.

The appellee is 57 years of age and is a practicing psychiatrist. His gross income averaged around $40,000 per year for the six years preceding the divorce and the evidence was such as to warrant the trial court's finding that the appellee "may anticipate a further career of some duration earning approximately $30,000 per year."

The appellant is 52 years of age and has never been employed. She has no immediate estate of her own, in possession, but has a remainder interest in two estates which should have a present value of around $40,000 and which will vest in possession upon the death of the life tenant who is now 93 years of age.

The value of the husband's estate at the time of the divorce was fixed at $103,179.42, and there is no argument about that value. The lump-sum award of $34,393.14 was exactly one-third of the accumulated estate. The additional allowance of $300 per month periodic alimony of course was not based on any specific mathematical ratio.

The argument of the appellant is, in substance, that the accumulated estate at the time of the divorce was small in relation to past and future earnings and therefore a lump-sum allowance of only one-third of the accumulated estate is not adequate; that even an allowance of half of the accumulated estate would not be sufficient and that in addition thereto, in order for her to maintain the standard of living to which she has been accustomed and to which she is entitled by virtue of the dutiful services as a wife, housekeeper and mother which she rendered for 30 years, she should receive $1,000 per month periodic alimony.

On the other hand, the appellee maintains that the lump-sum allowance was adequate and sufficient because it constituted a substantial amount, and that periodic alimony should not be allowable in addition to a one-third lump-sum award if the lump-sum award is substantial.

Taking into consideration the period of the marriage, the respective contributions by the parties, their ages, health and earning capacities, their standard of living, the wife's separate estate, the husband's anticipated expenditures for college educations for the children, the fact that the periodic allowance is subject to future control of the court, and other relevant factors, we do not find any abuse of discretion or error of law or fact in the allowances in the instant case. The allowances are within an appropriate range of discretion.

The judgment is affirmed both on the direct appeal and on the cross-appeal.

All concur.